## GREEK CATHOLIC UNION OF RUSSIAN BROTHERHOODS OF U S A v HANCHIN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14929.   Decided Dec 9, 1935

George I. Puhak, and A. M. Balogh, Cleveland, for plaintiff in error.

Curry, Sklenicke, Murray & McCabe, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By THE COURT

Michael J. Hanchin, having been expelled from membership in this plaintiff in error organization, by action of that organization on charges preferred against him, filed this action in the Common Pleas Court of Cuyahoga County seeking to be reinstated as a member of the plaintiff in error organization. Upon trial, a mandatory injunction was granted in that court to reinstate Michael J. Hanchin as a member in good standing of the plaintiff in error organization at which time the court made a finding of fact.

A motion for new trial having been overruled, error proceedings are now instituted in this court by the Greek Catholic Union of Russian Brotherhoods of the United States of America, the plaintiff in error, to secure the reversal of the judgment of the Common Pleas Court.

After a careful examination of the record. we are satisfied that there was sufficient evidence to sustain the finding of fact and judgment of the court below.  We find the finding of fact to contain the following:

"The court is of the opinion that the official records contain substantially all that took place.  There is no record of a trial or proof of the charges before the Supreme Tribunal or no record of a review by the convention, all of which proceedings are contrary to the constitution and bylaws.  The defendant is bound by its official records.  The court is not impressed by the oral testimony offered by the defendant contradicting or explaining its procedure or official records, neither did the defendant prove that the publications were injurious or sufficient to merit expulsion."

The record discloses that the trial court was warranted in making this finding and for this reason the judgment of the court was not against the manifest weight of the evidence.

The evidence establishes that defendant in error had exhausted all remedies for relief within the organization before instituting his suit in the Court of Common Pleas.  The record further discloses that plaintiff in error organization was a mutual benefit society in which defendant in error had two insurance policies.  It naturally follows that defendant in error had a property right involved in the proceeding originally instituted by the plaintiff in error organization to oust him, for which reason the Common Pleas Court became clothed with jurisdiction to hear and determine. this case.

No error prejudicial to the plaintiff in error appears in the record.  Accordingly, the judgment of the Common Pleas Court is hereby affirmed.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, concur.